# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 29, 2011

No. 11-10532
Summary Calendar

Lyle W. Cayce
Clerk

DANIEL WAYNE WALKER,

Plaintiff-Appellant

v.

NFN BOYD, Security Guard, NFN TUCKER, Security Guard,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-536

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Wayne Walker, Texas prisoner # 1682175, moves this court for leave to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 civil rights lawsuit.

By moving for IFP status here, Walker is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a). Walker argues only that he is entitled to proceed IFP on appeal because he already was allowed to proceed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pro se and IFP during his district court proceedings.   He does not address the district court's certification that his appeal was not taken in good faith, nor does he address any of the district court's reasons for its certification decision.  *See Baugh*, 117 F.3d at 202.   Accordingly, his challenge to the district court's certification decision is deemed abandoned.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).   Additionally, Walker has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)."  *King*, 707 F.2d at 220.  Walker's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

This dismissal counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Walker is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).